OPINION OF THE COURT
Stanley H. Nason, J.
This is a motion requesting an order of this court directing the County Clerk to cancel a notice of pendency.
Movant argues that the lis pendens must be vacated, pursuant to CPLR 6514, by reason of the failure of the Department of Housing Preservation and Development of the City of New York to serve a summons upon the owner of the building within 30 days after the filing of the Us pendens as mandated by section 801 of the Civil Court Act and CPLR 6512. Movant claims that in all instances the *283 department must commence its proceeding within 30 days by the service of a summons or suffer the loss of its lis pendens.
Movant’s construction of the statute would remove a significant means of enforcing the civil penalty provisions of the housing code and would tend to frustrate the public policy behind article 51 of the Administrative Code (§ D265101 et seq.) and other provisions of the housing code. Article 51 gives the owner of real property 30 or 90 days (depending on the classification) to correct the violation or violations. The owner then has 14 days after the condition is corrected in which to file a certificate of compliance. Accordingly, the department could not commence an action until at least 44 or 104 days (depending on the time allotted) after the issuance of the violation to proceed in court upon the violation. It would be error to hold that the notice of pendency had to be followed in all cases by the service of a summons within 30 days pursuant to CPLR 6512. If CPLR 6512 were held to apply to all civil penalty-actions brought by the department, it would be mathematically impossible to maintain such an action. The Legislature could not have intended such a result when it provided for the filing of a notice of pendency upon the placing of a violation pursuant to section 308 of the Multiple Dwelling Law and article 51 of the Administrative Code. Further, subdivision (c) of section 801 of the Civil Court-Act provides that a notice of pendency filed pursuant to subdivision (d) of section 209 shall be followed by the service of a summons pursuant to CPLR 6512. Section 801 does not specifically mention actions brought under the Administrative Code or under section 308 of the Multiple Dwelling Law. Although section 209 does include actions brought under the Multiple Dwelling Law or article 51, the failure to except these actions from the operation of CPLR 6512 would appear to be an. oversight.
Despite the foregoing, this court is constrained to vacate the lis pendens in the instant proceeding. The lis pendens filed by the department in this case expressly stated that service of the summons would be completed within 30 days after the filing date. Therefore, the notice expressed an in *284 tention to commence an action pursuant to the applicable CPLR provisions, and the defendant had a right to rely upon the terms of the lis pendens as filed. The purpose of a lis pendens is to furnish notice that an action of a particular nature involving the premises may be commenced. Since the action was not commenced within 30 days set forth in the notice of pendency, the notice by its terms has expired and should be vacated.
It should be noted that ordinarily the Civil Court would not have the jurisdiction to vacate a lis pendens where no action is pending in Civil Court, this is not the case when a Civil Court action has been commenced by the service of a summons and complaint. Section 308 of the Multiple Dwelling Law and section D26-50.07 of the Administrative Code provide that the notice of pendency can be vacated by the court in which the action is pending. Since this action was commenced in this court on April 17, 1980 and is now pending in this court, the court has jurisdiction to vacate the lis pendens.
Accordingly, the motion is granted.